UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARNEL POWELL BEY,

                Plaintiff,               **MEMORANDUM AND ORDER**

      v.                         21-CV-5714 (RPK) (PK)

NASSAU COUNTY DISTRICT ATTORNEY'S
OFFICE; ACTING DA JOYCE A. SMITH,
*Nassau County*; ADA ASHLEY N. PRINZ,
*Nassau County*,

                Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Darnel Powell Bey brings this action against the Nassau County District Attorney's Office, Acting District Attorney Joyce A. Smith, and Assistant District Attorney Ashley N. Prinz. Despite filing his complaint on October 6, 2021, and receiving numerous warnings from the Court, *see* Jan. 21, 2022 Order; Feb. 15, 2022 Order, Bey still has not properly served defendants. For the reasons stated below, the Court declines to further extend the time for Bey to effect proper service and dismisses this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## DISCUSSION

      Because plaintiff has not properly served defendants and an extension of time to effect service is not warranted, this case is dismissed without prejudice.

**I.**     **Plaintiff Has Not Properly Served Defendants**

      Plaintiff has not properly served Smith, Prinz, or the Nassau County District Attorney's Office.

      As an initial matter, plaintiff's attempted service on defendants is defective because plaintiff did not serve a summons on them. The Federal Rules of Civil Procedure require a

1

summons to be served "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). But plaintiff does not appear to have ever prepared a summons for the Clerk of Court to sign, seal, and issue, *see* Fed. R. Civ. P. 4(b), and none of the certificates and affidavits of service filed by plaintiff mention a summons, *see* Certificate of Service (Dkt. #7-1); Certificate of Service (Dkt. #8); Certificate of Service (Dkt. #9-1); Feb. 14, 2022 Letter (Dkt. #10); Aff. of Service (Dkt. #11). Therefore, plaintiff has failed to properly serve defendants. *See Bloom v. Democratic Nat'l Comm.*, No. 01-CV-11598 (RWS), 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002) (service "fatally defective" where no summons served); *Trs. of the United Plant & Prod. Workers Local 175 Benefits Fund v. Mana Constr. Grp., Ltd.*, No. 18-CV-4269 (JS) (ARL), 2021 WL 4150803, at *3 (E.D.N.Y. July 30, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 4147421 (E.D.N.Y. Sept. 13, 2021); *Boahen v. Trifiletti*, No. 18-CV-171 (VLB), 2019 WL 688412, at *5 (D. Conn. Feb. 19, 2019).

Setting aside plaintiff's failure to serve a summons, plaintiff's service of the complaint on defendants was improper.

Plaintiff does not specify whether he sues Smith and Prinz in their personal capacities, official capacities, or both. Regardless, plaintiff has failed to effect proper service on Smith and Prinz. There are different requirements for serving process on a person sued in her personal and official capacities. "A suit against an individual in [her] personal capacity is not a suit against the governmental entity," whereas "[a] claim asserted against an individual in [her] official capacity . . . is in effect a claim against the governmental entity itself." *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (internal citation omitted). Accordingly, Federal Rule of Civil Procedure 4(j)(2), which governs service of process to a state agency or local government, specifies how process must be served on persons in their official capacity. *See Rutherford v. Fla.*

*Union Sch. Dist.*, No. 16-CV-9778 (KMK), 2018 WL 11249126, at *3 (S.D.N.Y. Oct. 24, 2018); *Sun v. Cuomo*, No. 19-CV-497 (MAD) (DJS), 2019 WL 5307359, at *2 n.1 (N.D.N.Y. Oct. 21, 2019); *Stoianoff v. Comm'r of Motor Vehicles*, No. 99-7363, 2000 WL 287720, at *1 (2d Cir. 2000) (summary order). Rule 4(e) provides the requirements for service upon individuals. *Sun*, 2019 WL 5307359, at *2; *Stoianoff*, 2000 WL 287720, at *1.

Plaintiff has not demonstrated that he properly served Smith and Prinz in their official capacities. While district attorneys are generally presumed to be local county officers under New York law, district attorneys are state officers when making the determination whether to prosecute a criminal matter. *See DeJean v. Cnty. of Nassau*, No. 06-CV-6317 (SJF) (AKT), 2008 WL 111187, at *3 (E.D.N.Y. Jan. 8, 2008). Under Federal Rule of Civil Procedure 4(j)(2), a state or local government "must be served by . . . (A) delivering a copy of the summons and of the complaint to its chief executive officer" or "(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). New York law provides that personal service on a state officer "sued solely in an official capacity . . . shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail . . . to such officer or to the chief executive officer of such agency, and by personal service upon the state" by delivering the summons to an assistant attorney general at an office of the Attorney General or to the Attorney General within the state. N.Y. C.P.L.R. § 307(1); *id.* § 307(2). As to service on a county, New York law provides that personal service shall be made by delivering the summons to the county's "chair or clerk of the board of supervisors, clerk, attorney or treasurer." *Id.* § 311(a)(4). Service on Nassau County therefore requires delivery of the summons to "the Nassau County Attorney,

3

not the Nassau County DA." *Dippell v. Cnty. of Nassau*, No. 15-CV-2548 (JMA) (GRB), 2016 WL 1267167, at *1 (E.D.N.Y. Mar. 31, 2016).

Plaintiff's attempt to serve Smith and Prinz do not meet those requirements. Plaintiff has filed numerous certificates and affidavits of service. *See* Certificate of Service (Dkt. #7-1); Certificate of Service (Dkt. #8); Certificate of Service (Dkt. #9-1); Feb. 14, 2022 Letter; Aff. of Service (Dkt. #11). Those documents merely indicate that the complaint was mailed to Smith at what appears to be the address for the Nassau County District Attorney's Office, *see* Certificate of Service 2 (Dkt. #7-1) (ECF pagination); *see also* Certificate of Service (Dkt. #8) (mailing copy of motion for preliminary injunction to Smith at same address); Certificate of Service (Dkt. #9-1) (mailing motion for default judgment to Smith and Prinz at same address), and that service was later attempted on Smith and Prinz by delivery to a "[r]eceptionist/[s]ecretary" named Maria Sanchez at the same address, Aff. of Service (Dkt. #11). Plaintiff also attempted service by mailing the complaint by certified mail in an envelope marked in all capital letters "urgent legal mail" to the New York Attorney General. *See* Feb. 14, 2022 Letter 25 (ECF pagination).

To the extent that plaintiff sues Smith and Prinz as officers of New York, plaintiff does not suggest that the receptionist at the Nassau County District Attorney's Office who received the complaint is a person "designated . . . to receive service," N.Y. C.P.L.R. § 307(2), and plaintiff failed to "deliver[] the summons to an assistant [attorney general] at an office of the [Attorney General] or to the [Attorney General]" as required when attempting service on the State by certified mail, *id.* § 307(1); *see id.* § 307(2). And for substantially similar reasons, plaintiff failed to serve Smith and Prinz as officers of Nassau County.

Nor has plaintiff shown that he properly served Smith and Prinz in their personal capacities. Federal Rule of Civil Procedure 4(e) provides that an individual may be served by

4

"(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). An individual may also be served in any manner permitted by state law. Fed. R. Civ. P. 4(e)(1). In addition to personal service, New York law allows service on an individual by a combination of delivery to the individual's place of business and mail. *See* N.Y. C.P.L.R. § 308(2).

As discussed above, plaintiff has not established that he delivered a copy of the summons and the complaint to Smith and Prinz or left a copy of each at their dwellings. *See* Fed. R. Civ. P. 4(e)(2)(A)-(B); *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012). And plaintiff's attempt to deliver the complaint to the Nassau County District Attorney's Office did not qualify as delivering a copy to an agent authorized to receive service of process for Smith or Prinz as an individual, *see* Fed. R. Civ. P. 4(e)(2)(C). "Plaintiff has provided no evidence that [Smith or Prinz] designated [Sanchez] to receive service of process on [their] behalf[s] pursuant to [New York law], [and] . . . [p]laintiff [has not] even suggested that such authorization exists." *Baity v. Kralik*, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014). Nor has plaintiff suggested that Sanchez represented that she was authorized to accept service for Smith or Prinz in their individual capacities or that they knew about such a representation. *See ibid.* Plaintiff has therefore failed to show that he served Smith and Prinz as provided by Federal Rule of Civil Procedure 4(e)(2).

Nor has plaintiff demonstrated proper service of Smith and Prinz under the New York provision allowing service by a combination of personal delivery to a place of business and mail. *See* N.Y. C.P.L.R. § 308(2). That provision allows service by delivery of the summons and

5

complaint "to a person of suitable age and discretion at the [defendant's] actual place of business" but requires that they also be mailed to the recipient's "last known residence" or "actual place of business." *Ibid.* If the documents are sent to the person's business, they must be mailed "by first class mail . . . in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof . . . that the communication is from an attorney or concerns an action against the person to be served." *Ibid.* Plaintiff has provided no evidence that a proper summons was mailed to defendants or that the mail sent to the Nassau County District Attorney's Office was sent first class and marked as required by New York law. *See* Certificate of Service (Dkt. #7-1); Certificate of Service (Dkt. #8); Certificate of Service (Dkt. #9-1); Feb. 14, 2022 Letter; Aff. of Service (Dkt. #11). Plaintiff has therefore failed to show that he effected service on Smith or Prinz under Section 308(2). *See Valle v. GDT Enters., Inc.*, No. 19-CV-797 (SJF) (AKT), 2020 WL 435295, at *2-*4 (E.D.N.Y. Jan. 28, 2020); *Assets Recovery 23, LLC v. Gasper*, No. 15-CV-5049 (RJD) (CLP), 2018 WL 5849763, at *6-*10 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted*, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018); *Stair v. Calhoun*, No. 12-CV-6121 (SJF) (SIL), 2015 WL 1476454, at *7-*8 (E.D.N.Y. Mar. 31, 2015), *appeal dismissed*, 2017 WL 5197132 (2d Cir. 2017).

Finally, plaintiff has not properly served the summons and complaint on the Nassau County District Attorney's Office. As I explained, plaintiff has not delivered a copy of the summons and complaint to the chief executive officer of the Nassau County District Attorney's Office, as he must under Rule 4(j)(2)(A). *See* Fed. R. Civ. P. 4(j)(2)(A). Nor has he delivered the summons and complaint to a person designated to receive service, an assistant attorney general, the New York Attorney General, or the Nassau County Attorney as he must to effect service under state law. *See* N.Y. C.P.L.R. § 307(1)-(2); *Dippell*, 2016 WL 1267167, at *1.

For those reasons, plaintiff has failed to properly serve defendants.

### A.   An extension of time to serve defendants is not warranted.

I decline to extend plaintiff's time to serve defendants.

#### 1. Good Cause

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  If a plaintiff shows "good cause for the failure," then "the court must extend the time for service for an appropriate period." *Ibid.* "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013) (citation omitted).  In determining whether good cause exists, courts consider "(1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay." *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018), *aff'd,* 768 F. App'x 60 (2d Cir. 2019).

Plaintiff has not shown good cause for his delay here.  He has identified no exceptional circumstances beyond his control that caused his attempts at service to fail. *Jordan*, 928 F. Supp. 2d at 598.   Plaintiff has been on notice of his failure to serve defendants since at least January 21, 2022, when the Court first warned plaintiff that defendants did not appear to have been served. *See* Jan. 21, 2022 Order.  On that date, the Court ordered plaintiff to show good cause for his failure to serve defendants, but instead, plaintiff filed a certificate of service reflecting improper service. *See* Certificate of Service (Dkt. #7-1). The Court gave plaintiff another warning on February 15, 2022, that plaintiff's attempts at service were defective and ordered plaintiff to show good cause for his failure to serve defendants. *See* Feb. 15, 2022 Order.  Both of

those warnings also notified plaintiff that in the absence of good cause, the Court would likely dismiss the action pursuant to Federal Rule of Civil Procedure 4(m). *See Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) (noting that Rule 4(m) requires notice to plaintiff before *sua sponte* dismissal of an action for failure to timely serve defendants). But plaintiff has still not properly served defendants or offered any explanation for why he has not done so. *See Obot v. Citibank S.D., N.A.*, No. 04-CV-784A, 2006 WL 6905256, at *3 (W.D.N.Y. Oct. 17, 2006) ("As part of the determination of good cause for delay in service, courts have looked at the length of time it has taken to effect proper service after receipt of notice of a possible defect."), *aff'd*, 347 F. App'x 658 (2d Cir. 2009). Instead, plaintiff simply continues to assert that he has properly served defendants, notwithstanding the Court's repeated warnings that he has not. *See* Feb. 14, 2022 Letter 1. Finally, plaintiff's *pro se* status "is no excuse for failure to serve the defendant properly and does not automatically amount to good cause." *Jordan*, 928 F. Supp. 2d at 598 (citation omitted); *see Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 403 (S.D.N.Y. 2020); *see also Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."). Accordingly, plaintiff has not established good cause for his failure to properly serve defendants.

### 2. Discretionary Exception

"[A] district court may grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis omitted); *see Counter Terrorist Grp. U.S. v. N.Y. Mag.*, 374 F. App'x 233, 234-35 (2d Cir. 2010) (summary order). To benefit from a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. At that point, "courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims

8

asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (quotations omitted).

Here, I decline to exercise my discretion to grant an extension without good cause. Plaintiff has not offered a colorable excuse for his neglect. *Cf. Zapata*, 502 F.3d at 199 (affirming denial of extension of time to serve where plaintiff "neglected to ask for an extension within a reasonable period of time, and ha[d] advanced no cognizable excuse for the delay"). Further, plaintiff has never effected proper service on the defendants or asked for an extension of time to do so. *Cf. Carl v. City of Yonkers*, No. 04-CV-7031 (SCR), 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008) (declining to extend time to serve in part because plaintiff's *pro se* attempt at service was unsuccessful and plaintiff failed to seek any extension of time), *aff'd*, 348 F. App'x 599 (2d Cir. 2009); *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508-09 (2d Cir. 2006); *Stewart v. City of New York*, No. 06-CV-15490, 2008 WL 1699797 (RMB) (FM), at *7 (S.D.N.Y. Apr. 9, 2008). Moreover, plaintiff has not argued or provided evidence that the *Vaher* factors are satisfied. Instead, plaintiff appears to argue that his *pro se* status should excuse his failure to effect service. *See* Feb. 14, 2022 Letter 1. But the fact that plaintiff is unrepresented alone does not tilt the *Vaher* factors in his favor. *Cf. Jones v. Westchester Cnty.*, 182 F. Supp. 3d 134, 145 (S.D.N.Y. 2016) (finding two *Vaher* factors "coupled with [p]laintiff's pro se status[] weigh[ed] strongly in favor of an extension"); *see also Edwards*, 59 F.3d at 8. Considering the factors commonly weighed in deciding whether to grant a discretionary extension, I decline to extend plaintiff's time to serve.

## CONCLUSION

The complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: May 10, 2022
       Brooklyn, New York